IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN C. NIMMER, | ) | 8:11CV162 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES SECURITIES | ) | |
| AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on John C. Nimmer's ("Petitioner") Motion to Quash a United States Securities and Exchange Commission ("SEC") subpoena of bank records from American National Bank. (Filing No. 1.) As set forth below, the Motion to Quash is denied.

### *BACKGROUND*

On May 4, 2011, the SEC issued a subpoena seeking disclosure of Petitioner's account records with ANB. (Filing No. 1-8, Attach. 8, at CM/ECF pp. 5-8.) The SEC notified Petitioner of that subpoena in compliance with the Right to Financial Privacy Act of 1978 ("RFPA"). 12 U.S.C. §§ 3401-22. On May 12, 2011, Petitioner filed a Motion to Quash the subpoena pursuant to the RFPA's customer challenge provision, 12 U.S.C. § 3410, as well as an accompanying Brief in support of the Motion. (Filing Nos. 1 and 1-9, Attach. 9.) The SEC filed a Response to Petitioner's Motion to Quash and a Verification in Support of the Response on June 7, 2011. (Filing Nos. 8 and 8-1, Attach. 1.)

On June 7, 2011, Petitioner filed an Amended Motion to Strike the SEC's Response. (Filing No. 10.) In support of the Motion to Strike, Petitioner filed a Supplemental Amended Brief, in which he argues that the SEC responded too late,

in violation of the court's Local Rules. (Filing No. 10-1, Attach. 1.) The SEC filed a Response to Petitioner's Motion to Strike on June 15, 2011. (Filing No. 14.) This matter is deemed fully submitted.

## *ANALYSIS*

In its Response to Petitioner's Motion to Quash, the SEC argues that its subpoena furthers a legitimate investigation and that the bank records sought are relevant to that investigation. (Filing No. 8.) The court agrees and denies Petitioner's Motion to Quash. Moreover, the court finds the SEC's Response and Verification proper and timely, and denies Petitioner's Motion to Strike.

### A.  *Standard of Review*

The RFPA allows customers of financial institutions to challenge a subpoena of financial records as defined in 12 U.S.C. § 3401(2). In addition, the RFPA requires any government authority issuing a subpoena to a financial institution to notify the customer about the subpoena and inform him or her of the grounds for the investigation. *See* 12 U.S.C. § 3405(b).

The RFPA provides the "sole judicial remedy available to a customer" opposing disclosure of financial records. 12 U.S.C. § 3410(e). Pursuant to the statute, the customer may oppose the subpoena by filing a motion to quash within ten days of service, or within fourteen days of the mailing, of the subpoena. The customer must state either the reasons the financial records are not relevant to a legitimate law enforcement inquiry, or that the Government authority has not substantially complied with the RFPA. 12 U.S.C. § 3410(a)(2). If the court finds "no demonstrable reason to believe that the law enforcement inquiry is legitimate" or that "the records sought are not relevant to the inquiry," then the court shall grant the customer's motion. *See* 12 U.S.C. § 3410(c).

### B. *Petitioner's Motion to Quash*

Liberally construed, Petitioner asserts three grounds on which the SEC's subpoena should either be quashed completely or limited in scope. (Filing No. 1-9, Attach. 9.) First, Petitioner asserts that the SEC issued the subpoena in bad faith to create a conflict of interest for Petitioner as counsel in a separate investigation. (*Id.* at CM/ECF pp. 3-5.) Second, Petitioner argues that attorney-client privilege protects his bank account information. (*Id.* at CM/ECF pp. 6-8.) Finally, Petitioner argues that the court should limit the scope of the subpoena to the period after December 1, 2010, the date one of two websites cited in the SEC's subpoena came into existence. (*Id.* at CM/ECF pp. 8-9.) As set forth below, the court rejects all of these arguments.

#### 1. *Bad Faith*

Petitioner argues that the purpose of the SEC's investigation is to create a conflict of interest so that he will be unable to continue as counsel for a third party which is currently also under investigation by the SEC. (*Id.* at CM/ECF pp. 3-5.) The court rejects this argument.

The Securities and Exchange Acts of 1933 and 1934 empower the SEC with discretion to investigate and determine whether federal securities law have been violated. *See* 15 U.S.C. § 78u(a). Even if a governmental authority is authorized to conduct an investigation, an investigation is illegitimate if it is conducted in bad faith. *Pennington v. Donovan*, 574 F. Supp. 708, 709 (S.D. Tex. 1983). In assessing the legitimacy of an investigation, a court may rely upon representations on the face of a subpoena, as well as any affidavits or declarations submitted in support of the subpoena. *Cordt v. Office of Inspector Gen., U.S. Postal Serv.*, No. Civ. 99-1589RHKRLE, 2000 WL 1336649 at *3 n.2 (D. Minn. 2000). However, allegations alone are insufficient to prove an agency issued a subpoena in bad faith. *SEC v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 515 (10th Cir. 1980).

In his Motion to Quash, Petitioner argues that "any unreasonable effort to disqualify a party's counsel of choice is by nature 'bad faith,'" but Petitioner provides no specific, factual support for his allegations of bad faith by the SEC. (Filing No. 1-9, Attach 9 at CM/ECF pp. 4-5.) Petitioner does not claim that the SEC has alleged a conflict of interest on his part. Instead, Petitioner cites an unrelated article discussing a general SEC policy of challenging the legal and ethical implications of attorneys representing multiple clients. (*Id.* at CM/ECF p. 4.) Petitioner does not claim he represents multiple parties in separate investigations before the SEC. Rather, the potential conflict of interest Petitioner anticipates the SEC will allege, at some unspecified future date, arises from an investigation by the SEC into his own activities. (*Id.* at CM/ECF pp. 4-5.) Petitioner's argument about the SEC's motives are, at best, speculative and his assertions about SEC tactics involve distinct and unrelated investigations. Thus, Petitioner has not shown that the subpoena is illegitimate or issued in bad faith.

On the other hand, the SEC asserts in its Response that it has information showing that Petitioner may have solicited individuals to invest in unregistered securities or sold securities without being a registered broker in violation of Sections 5(a) and 5(c) of the Securities and Exchange Act of 1933 and Section 15(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 77e(a), 77e(c), and 78o(a). (Filing No. 8 at CM/ECF pp. 3-5.) Because the SEC is empowered to investigate potential violations of securities laws, and because Petitioner relies on unsupported, speculative assertions, the court finds Petitioner's claim of bad faith by the SEC is without merit.

    2.    *Attorney-Client Privilege*

Petitioner also argues that the attorney-client privilege shields his bank accounts from the subpoena because the subpoena would disclose payments he

4

received from clients or payments he made on behalf of clients. The court also rejects this argument.

The Eighth Circuit recognizes attorney-client privilege only for confidential communications for the purposes of rendering legal service to clients. *U.S. v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984). When an attorney acts as a conduit for a client's funds, attorney-client privilege does not apply. *Id.* The deposit and disbursement of money in commercial checking accounts are not confidential communications. *SEC v. First Sec. Bank of Utah*, 447 F.2d 166, 167 (10th Cir. 1971) (enforcing an SEC subpoena of bank records despite depositors' claim of attorney-client privilege). The financial institution, not the customer, owns account records. *Id.* The records are maintained for commercial purposes, not for the purpose of rendering legal service. *Id.*

Here, the SEC issued the subpoena to ANB requesting documents the bank maintained for Petitioner's accounts, including monthly statements, records of deposits and withdrawals, and any special instruction regarding the account. (Filing No. 1-8, Attach. 8, at CM/ECF p. 12.) The SEC also requested documents ANB possesses granting power of attorney "or any other form of authority to deposit, withdraw, or transfer funds" from the account. (*Id.*) None of the subpoenaed documents is a confidential communication between Petitioner and a client for the purpose of rendering legal service. Thus, Petitioner's claim that attorney-client privilege protects the ANB records from disclosure is without merit.

### 3. *Relevance of records prior to December 1, 2010*

For his final argument requesting that the subpoena be quashed, Petitioner argues that account records prior to December 1, 2010, are not relevant to the investigation because one of the two websites cited in the subpoena did not originate

until that date. The court finds that documents prior to this date are relevant and the subpoena should not be limited.

The RFPA gives a government agency broad discretion over relevancy. The RFPA requires a governmental authority to show only "a reasonable belief that the records sought are relevant." 12 U.S.C. § 3410(c). Subpoenaed information is relevant if it "touches a matter under investigation." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989). Furthermore, an agency can investigate merely on suspicion that the law is being violated. *Id.*

Given the discretion the SEC is granted to investigate potential violations, the court finds Petitioner's bank records prior to December 1, 2010, are relevant. The SEC asserts that it has information that Petitioner may have engaged in selling unregistered securities as far back as 2007. (Filing No. 8 at CM/ECF pp. 12-13.) The fact that one of the two websites operated by Petitioner originated on December 1, 2010, does not preclude the SEC from subpoenaing Petitioner's account records prior to that date in connection with its investigation. In short, the court finds that the SEC's "law enforcement inquiry is legitimate" and that "the records sought" are "relevant to the inquiry" in accordance with 12 U.S.C. § 3410. As such, the Motion to Quash is denied in its entirety.

### C. *Petitioner's Amended Motion to Strike*

Petitioner's Amended Motion to Strike the SEC's Response is also denied. The SEC filed its Response twenty-seven days after the initial Motion to Quash. As such, Petitioner argues that the Response violated the court's Local Rules requiring the filing of briefs in response to any motion, except motions to dismiss or for summary judgment, within 14 days. NECivR 7.0.1(b)(2).

The statutory language of the RFPA prevails over a court's local rules. The RFPA directs a court to order the government authority to respond once a customer has filed a challenge. 12 U.S.C. § 3410(b). The statutory language clearly requires a court to "rule on challenges only with the aid of the [government authority's] response." *Sandsend*, 878 F.2d at 881 (5th Cir. 1989). Because this court had not ordered the SEC to respond, the SEC's Response was timely, the court's Local Rules notwithstanding.[1] The Amended Motion to Strike (filing no. 10) is therefore denied.

IT IS THEREFORE ORDERED that:

1.  Petitioner's Amended Motion to Strike (filing no. 10) is denied.

2.  Petitioner's Motion to Quash (filing no. 1) is denied and the United States Securities and Exchange Commission may proceed with enforcement of the subpoena previously issued to the American National Bank.

3.  A separate judgment will be entered in accordance with this Memorandum and Order.

4.  All other pending motions are denied and this matter is dismissed with prejudice.

DATED this 26th day of July, 2011.

BY THE COURT:

---

[1] Petitioner also argues that the SEC's Response failed to comply with the standards set forth in NECivR 7.0.1(b)(2) for filing evidence. (Filing No. 10.) The court has carefully reviewed the SEC's Response and supporting Verification and finds that it substantially complies with the court's Local Rules.

7

                                                    s/ Joseph F. Bataillon
                                                    Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.